UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLARD PURVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-55-WTL-DKL |
| | ) | |
| ARAMARK CORP, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendants' Motions for Summary Judgment**

In this civil action, plaintiff Willard Purvis, an Indiana prisoner incarcerated at the Wabash Valley Correctional Facility ("Wabash"), alleges that he is allergic to mustard and mustard seeds and that the defendants have denied him access to a special diet to accommodate his allergy. As a result, he has either gone without adequate nutrition or has broken out in hives after exposure to mustard products.

Presently pending before the Court is the Motion for Summary Judgment filed by Defendants Corizon and Nurse Gray on January 5, 2015 [dkt. 53] and the Motion for Summary Judgment filed by Defendants Aramark Correctional Services, LLC,[1] Mrs. Bock and Mr. Bedwell

---

[1] The **clerk is directed** to update the docket to reflect the proper name of defendant Aramark is Aramark Correctional Services, LLC, not Aramark Corporation.

on January 6, 2015 [dkt. 58]. The plaintiff responded, the defendants replied and the plaintiff filed a surreply. These motions are now fully briefed.

The defendants' motions argue that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Purvis argues in response that his efforts to file a grievance were blocked by prison officials. For the reasons explained below, the motions for summary judgment [dkts 53 and 58] are **denied** and further proceedings will be directed.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C.

§ 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Purvis failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

## II. Material Facts

At all times relevant to his claims in this suit, Purvis was incarcerated at Wabash. If an offender has a complaint regarding prison conditions, the grievance process requires an offender to attempt to resolve the grievance informally through officials at the facility by contacting staff

to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal written complaint (Level I grievance) to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II) within ten (10) working days from the date of receipt of the Level I grievance response. If the offender receives no grievance response within 25 working days of the day he or she submitted the grievance, he or she may appeal as though the grievance had been denied. In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends 10 working days later.

Since Mr. Purvis arrived at Wabash Valley in 2011, he has only filed one grievance (#77570) which was logged in the Offender Grievance Response System or OGRE. That grievance was filed on July 23, 2013. The grievance was not related to medical care or treatment, but instead pertained to the confiscation of a television. That grievance was denied on August 12, 2013, and Mr. Purvis did not file any appeal to that denial.

Mr. Purvis testified that in 2011 he spoke with Ms. Bock, the director of Food Services for ARAMARK, while he was housed in the Custody Control Unit. There is no indication of what they spoke about, but the conversation did not produce a solution that Mr. Purvis was comfortable with given his allergy to mustard seeds. After this conversation, Mr. Purvis asked the Unit Counselor for a grievance form to file a complaint against Ms. Bock, ARAMARK, Mrs. Gray and the medical department for their refusal to place him on an allergy diet so he could receive meals without processed turkey (which contains mustard seeds) or mustard. Mr. Purvis testified that he

was denied a grievance form from the Unit Counselor. He wrote a letter to the Grievance Specialist, Mrs. Littlejohn, complaining that he was refused a grievance form. After Mr. Purvis was transferred into the Secure Housing Unit he again informed the Unit Counselor that he wanted a grievance form. Again, this request was denied, and again he wrote a letter to Ms. Littlejohn.

In January 2012, Mr. Purvis tried to contact the Food Service Supervisor through a Request for Interview form. The request was unanswered and Mr. Purvis contacted an officer who worked on the Unit and requested a grievance form. The officer told him to ask the counselor for the form. When no form was provided, Mr. Purvis wrote out a grievance on a white sheet of lined paper and sent it to the Grievance Department on January 27, 2013. No response or receipt was received for this grievance.

### III.  Discussion

The defendants argue that Mr. Purvis failed to file a grievance relating to his complaints regarding his alleged denial of a medically necessary diet. Mr. Purvis, however, has provided testimony which supports his claim that he did all he could to file a grievance.

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*,

438 F.3d 804, 809 (7th Cir. 2006). The facts construed in a fashion most favorable to Mr. Purvis as the non-movant raise a material question of fact regarding whether he was thwarted in his attempt to use the grievance system.

Accordingly, the motions for summary judgment [dkts. 53 and 58] are **denied.**

### IV. Further Proceedings

The defendants shall have **through August 5, 2015,** in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual disputes detailed above.

**IT IS SO ORDERED.**

Date:  7/10/15

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Willard Purvis
DOC # 985367
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All Electronically Registered Counsel