UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLARD PURVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:14-cv-55-WTL-DKL ) |
| CORIZON MEDICAL SERVICES, GRAY, Director of Nursing and Medical Services, et al., | ) ) ) ) ) |
| Defendants. | ) |

**Entry Granting Medical Defendants' Motion for Summary Judgment
and Directing Entry of Final Judgment**

In this civil action, plaintiff Willard Purvis, an Indiana prisoner incarcerated at the Wabash Valley Correctional Facility ("Wabash"), alleges that he is allergic to mustard and mustard seeds and that the defendants have denied him access to a special diet to accommodate his allergy. As a result, he has either gone without adequate nutrition or has broken out in hives after exposure to mustard products.

The defendants remaining in this action are Corizon and Mrs. Gray, the Director of Nursing, (the "medical defendants").[1] The specific claim against Aramark Corporation is that it has a policy or practice which (as applied to Mr. Purvis) violates Mr. Purvis's Eighth Amendment rights. The claim against Mrs. Gray is that she was deliberately indifferent to Mr. Purvis's need for specific mustard-free diet. The medical defendants seek resolution of the claims alleged against

---

[1] Claims against Aramark and individual food service providers were resolved via settlement.

1

them through summary judgment. For the reasons explained below, the medical defendants' motion for summary judgment is **granted.**

## I.
## Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

## II.
## Undisputed Material Facts

The medical defendants have presented evidence that Mr. Purvis was transferred to Wabash Valley Correctional Facility on May 2, 2011. Mr. Purvis has self-diagnosed himself as allergic to mustard seed, but has not provided any objective documentation to support his allergy to prison officials or medical staff.

Defendant Nurse Gray was the Director of Nursing at Wabash from May, 2007 through September 26, 2013. As the Director of Nursing, Nurse Gray's responsibilities included, but were not limited to, supervising and coordinating activities of nursing personnel. Nurse Gray did not personally provide medical treatment to Mr. Purvis.

Mr. Purvis never complained to Nurse Gray or any medical provider during his various medical or mental health examinations of an allergy to mustard seeds and no medical personnel ever witnessed or knew about Mr. Purvis experiencing any symptoms or allergic reactions to his alleged mustard seed allergy during his incarceration at Wabash.

Mr. Purvis's medical records reveal that Mr. Purvis has never been diagnosed with a mustard seed allergy or experienced any symptoms from that alleged allergy during his incarceration at Wabash.

The records reflect that medical personnel have attempted to test Mr. Purvis as a result of his alleged allergy to mustard seed on at least three occasions in June, July and August of 2016, but plaintiff has refused without explanation other than that a lawsuit is pending.

### III.
### Eighth Amendment

Mr. Purvis asserts an Eighth Amendment medical care claim against the defendants.[2] At all times relevant to Mr. Purvis's claims, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

---

[2] Out of an apparent abundance of caution, the defendants have briefed their motion for summary judgment to include any state law malpractice claim. The Court did not understand the amended complaint [dkt. 24] to include such a claim as evidenced by the Court's screening order to which Mr. Purvis did not object. Dkt. 25. Accordingly, no state law claims are understood to be alleged in this action and they are not considered further.

3

To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner." *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005). The Seventh Circuit recently tackled this issue in *Petties v. Carter*, writing:

> To determine if a prison official acted with deliberate indifference, we look into his or her subjective state of mind. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) (*citing Farmer*, 511 U.S. at 842, 114 S.Ct. 1970). For a prison official's acts or omissions to constitute deliberate indifference, a plaintiff does not need to show that the official intended harm or believed that harm would occur. *Id.* at 992. But showing mere negligence is not enough. *Estelle*, 429 U.S. at 106, 97 S.Ct. 285 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) ("Deliberate indifference is not medical malpractice."). Even objective recklessness—failing to act in the face of an unjustifiably high risk that is so obvious that it should be known—is insufficient to make out a claim. *Farmer*, 511 U.S. at 836–38, 114 S.Ct. 1970. Instead, the Supreme Court has instructed us that a plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm. *Id.* at 837, 114 S.Ct. 1970. Officials can avoid liability by proving they were unaware even of an obvious risk to inmate health or safety. *Id.* at 844, 114 S.Ct. 1970.

No. 14-2674, 2016 WL 4631679, at *3 (7th Cir. Aug. 23, 2016). There is no doubt that this is a high standard for any plaintiff to meet. However, to survive summary judgment the plaintiff need not prove his case. Instead, the plaintiff is only required to present "evidence from which a reasonable jury could infer a doctor knew he was providing deficient treatment." *Id.* at *1.

4

For the reasons explained below, Mr. Purvis has not met this burden.

## IV. DISCUSSION

The record reflects that the defendants did not know that mustard or mustard seeds posed a substantial risk of harm to Mr. Purvis. The magistrate judge correctly noted in her Minute Entry of June 10, 2016, that if the Corizon defendants disputed Mr. Purvis's claim that he is allergic to mustard seeds that they should determine whether there is any medical test to determine the truth of this allegation [dkt. 100]. Apparently following the Magistrate Judge's lead medical personnel offered Mr. Purvis the opportunity to be tested for his alleged mustard seed allergy on three occasions. Mr. Purvis rejected this opportunity. Based on these circumstances, it is unclear whether Mr. Purvis has a mustard/mustard seed allergy and whether any such allergy could be considered an objectively serious medical condition. It is clear, however, that the medical defendants were not deliberately indifferent to the self-reported allergy.

The defendants must continue to care for Mr. Purvis's medical needs, but there can be no deliberate indifference if Mr. Purvis is not going to cooperate with the medical providers at the prison to determine what care is appropriate and whether any accommodations are necessary.

Accordingly, Nurse Gray was not deliberately indifferent to Mr. Purvis's food allergy and is entitled to judgement as a matter of law.

Mr. Purvis's claims that Corizon had in place policies, customs, or practices to deny him a specialized diet for his mustard seed allergy must also be dismissed. There is no evidence to support an unconstitutional policy claim. Nor do the circumstances suggest that the failure to accommodate Mr. Purvis's request for a mustard seed allergy was unconstitutional under the circumstances.

## V. Briefing Concerns

In ruling on this motion, the Court considered the all the briefing available. Mr. Purvis's surreply filed December 2, 2016, states that he submitted a Memorandum of Law in Support of his Response in Opposition to the Defendants' Motion for Summary Judgment, but that it was not filed. Mr. Purvis states that he will resend the Memorandum to be electronically filed. This action is nearly three years old and further delays are not warranted. If the Memorandum mentioned in the surreply is filed within 7 days, the Court will consider it as a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure and will reopen this action if appropriate.

## VI. Conclusion

The medical defendants' motion for summary judgment [dkt 108] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  12/9/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

WILLARD PURVIS
985367
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only